UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDERSON NEWS, L.L.C. and ANDERSON
SERVICES, L.L.C.

      Plaintiffs,

  -against-

AMERICAN MEDIA, INC., BAUER
PUBLISHING CO., LP., CURTIS CIRCULATION
COMPANY, DISTRIBUTION SERVICES, INC.,
HACHETTE FILIPACCHI MEDIA, U.S.,
HUDSON NEWS DISTRIBUTORS LLC, KABLE
DISTRIBUTION SERVICES, INC., THE NEWS
GROUP, LP, RODALE, INC., TIME INC. and
TIME/WARNER RETAIL SALES &
MARKETING, INC.,

      Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 25, 2010

09 Civ. 2227 (PAC)

<u>ORDER</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs Anderson News, L.L.C. and Anderson Services, L.L.C. (together, "Anderson") move for reconsideration of the Court's opinion of August 2, 2010, granting Defendants' Rule 12(b)(6) motion to dismiss Anderson's claims. Specifically, the Court held that Anderson's Complaint failed to meet the plausibility standard of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and that Anderson could not cure this inadequacy by amending its Complaint.[1]

---

[1] Plaintiffs' motion was timely filed on August 16, 2010. Defendants Time and Time/Warner responded on September 2, 2010; Defendants AMI, DSI, Bauer, Curtis, Rodale, Hachette Filipacchi, and Kable filed a separate response on the same day. Anderson replied on September 14, 2010. Counsel for Anderson wrote on October 4, 2010 to make corrections in certain factual allegations in its Proposed Amended Complaint with respect to AMI and DSI. Counsel for AMI and DSI responded on October 8, 2010, arguing that the allegations were false.

## **LEGAL STANDARD**

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hinds County, Miss. v. Wachovia Bank N.A., 700 F.Supp.2d 378, 407 (S.D.N.Y. 2010) (citation and quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Hinds County, 700 F.Supp.2d at 407 (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

## **ANALYSIS**

Anderson does not allege any "intervening change in controlling law" or "availability of new evidence," and does not suggest that the Court's ruling will cause "manifest injustice." See Virgin 956 F.2d at 1255. As a result, Anderson impliedly asserts that the Court committed "clear error." Id.

Anderson argues that the Court erred in concluding that the alleged antitrust conspiracy was not plausible. Although Anderson argues that Defendants had a compelling economic incentive to eliminate Anderson — doing so would allegedly give the Defendants "control" of the single-copy magazine distribution system — a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue that is already decided." See Shrader, 70 F.3d at 257. In its Opinion, the Court

2

found that the alleged antitrust conspiracy was not plausible because "publishers and national distributors have an economic self-interest in more wholesalers, not fewer; more wholesalers yields greater competition, which is good for suppliers." (Op. 8.) Specifically, the Court held that "it is implausible that magazine publishers would conspire to deny retailers access to their own products," (Id.), and noted that, in the Complaint, Anderson itself pointed out that its elimination as a wholesaler has "substantially reduc[ed] the output of magazines . . . and the ability of retailers to obtain those magazines." (Compl. ¶ 72.) Because "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009), the Court's conclusion was neither impermissible, nor "clear error."

Anderson also argues that the Court's determination that the 7-cent surcharge was a "non-negotiable take-it-or-leave-it" demand was "mistaken" and "overlooks the fact, recognized in another part of the Court's Opinion, that neither Anderson nor Defendants treated it as such and that Anderson was entirely flexible and willing to compromise . . . ." (Pl. Mem. 4.) This argument is unavailing. Anderson impliedly admits that the Court did not "overlook" this information because, as Anderson points out, the Court recognized in another part of its Opinion that the Defendants had varied reactions to the surcharge. Additionally, the fact that the Defendants had several different reactions to the surcharge — whether the surcharge was negotiable or not — clearly suggests the absence of an antitrust conspiracy. Plaintiffs impliedly ask the Court to assume that either (1) the wholesalers first had several different reactions to the announced surcharge and then abruptly changed course, deciding to engage in unlawful collective action; or (2)

3

the original non-parallel conduct was nothing more than a ruse. The most plausible scenario, however, is that the Defendants each separately came to a similar conclusion — that they did not want to pay a 7-cent surcharge. Thus, the Court permissibly determined that the Defendants' rejection of the surcharge was not plausibly the product of collective action and was simply "a common response to a common stimulus." (Op. 11.)

There is no basis for reconsideration. Accordingly, extended discussion regarding Anderson's additional defendant-specific arguments is unnecessary. As to Plaintiffs' request for leave to amend its Complaint, there is no basis for it. The addition of numerous conclusory allegations does not cure the deficiencies of the Complaint the Court dismissed on August 2, 2010.

For the foregoing reasons, Anderson's motion for reconsideration is DENIED.

Dated:  New York, New York
        October 25, 2010

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge