```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 22, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDERSON NEWS, L.L.C. and LLOYD
WHITAKER, as Assignee under an Assignment for
the Benefit of Creditors for Anderson Services,
L.L.C.,

Plaintiffs,

    -against-

AMERICAN MEDIA, INC., BAUER
PUBLISHING CO., LP., CURTIS CIRCULATION
COMPANY, DISTRIBUTION SERVICES, INC.,
HACHETTE FILIPACCHI MEDIA, U.S.,
HUDSON NEWS DISTRIBUTORS, LLC, KABLE
DISTRIBUTION SERVICES, INC., THE NEWS
NEWS GROUP, LP, RODALE, INC., TIME INC.
and TIME/WARNER RETAIL SALES &
MARKETING, INC.,

Defendants.
----------------------------------------------------------------X

09 Civ. 2227 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    On July 3, 2013, Defendants submitted a letter to the Court concerning a discovery dispute between the parties. Plaintiffs responded on July 10, 2013. Specifically, Defendants seek production by Plaintiffs and certain executives of Anderson News (the "Anderson Executives") of transcripts of interviews conducted with, and all documents concerning discussions with, the Bankruptcy Examiner in In re Anderson News, LLC, No. 09-10695 (Bankr. D. Del.) (the "Bankruptcy Action."). Plaintiffs and the Anderson Executives have refused.

    Defendants claim that they "must seek an order from this Court . . . as permitted by paragraph 8" of the Confidentiality Order. (Defs. Letter at 3.) That is incorrect. First, it is unclear why they "must" seek resolution of their discovery dispute in *this* Court when Judge Sontchi of the Bankruptcy Court for the District of Delaware has repeatedly affirmed that he

1

would entertain such motions, which require interpretation of his orders related to a process that he oversaw and that he wished to be "confidential." Confidentiality Order at ¶ 10. More to the point, the paragraph on which Defendants rely deals only with "Designated Information," a defined term that does not include the documents at issue here. See id. at ¶ 3(c). Even assuming that the documents at issue were within the "Designated Information" category and that such a motion was properly before this Court, the documents could be used "only for purposes of the Bankruptcy case and . . . not . . . in any other case," including the matter at bar. Id. at ¶ 8.

In light of the foregoing, the "unique nature" of a bankruptcy examiner's investigation, In re Baldwin United Corp., 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985), and the distinctions between such an investigation and the civil discovery process, see In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), this Court will not involve itself unnecessarily in a dispute involving a duly appointed officer of another court. Accordingly, Defendants' request for an order compelling production of the requested documents is DENIED, without prejudice to their ability raise these issues before Judge Sontchi in the upcoming August 1, 2013 omnibus hearing in the Bankruptcy Action.

Dated: New York, New York
       July 22, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge