UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDERSON NEWS, L.L.C., and LLOYD WHITAKER, as the Assignee under an Assignment for the Benefit of Creditors for Anderson Services, L.L.C.,

                Plaintiffs,

- against -

AMERICAN MEDIA, INC., BAUER PUBLISHING CO., LP., CURTIS CIRCULATION COMPANY, DISTRIBUTION SERVICES, INC., HACHETTE FILIPACCHI MEDIA U.S., HEARST COMMUNICATIONS, INC., HUDSON NEWS DISTRIBUTORS LLC, KABLE DISTRIBUTION SERVICES, INC., RODALE, INC., TIME INC. and TIME/WARNER RETAIL SALES & MARKETING, INC.,

                Defendants.

09 Civ. 2227 (PAC)
ECF CASE

---

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO AMEND THE JULY 17, 2013
<u>AMENDED STIPULATION AND CONFIDENTIALITY ORDER</u>**

---

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Daniel R. Benson (dbenson@kasowitz.com)
Hector Torres (htorres@kasowitz.com)
Seth Moskowitz (smoskowitz@kasowitz.com)
Constantine Z. Pamphilis
(dpamphilis@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700
Fax:   (212) 506-1800

*Attorneys for Plaintiff Anderson News, L.L.C.*

Dated:  October 4, 2013

LYNCH ROWIN LLP
Thomas P. Lynch (tlynch@lynchrowin.com)
Jennifer T. Chavez (jchavez@lynchrowin.com)
630 Third Avenue
New York, New York 10017
Tel:   (212) 682-4001
Fax:   (212) 682-4003

*Attorneys for Plaintiff Lloyd Whitaker, as the
Assignee under an Assignment for the Benefit
of Creditors for Anderson Services, L.L.C.*

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.    Party Representatives Should be Permitted to Attend Depositions ....................... 1

II.    The Amendment Protects Highly-Confidential Testimony and Documents .......... 2

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Grand Rivers Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068, 2009 WL 222160
    (S.D.N.Y. Jan. 30, 2009)..................................................................................................4

*Koch v. Greenberg*,
    No. 07 Civ. 9600 BSJ DF, 2012 WL 1449186 (S.D.N.Y. Apr. 13, 2012) ................................4

*Swatch Watch S.A. v. Aste Trading Corp.*,
    85 Civ. 7726 (MJL), 1986 WL 734 (S.D.N.Y. Jan. 3, 1986) ......................................................4

Plaintiffs Anderson News, L.L.C. and Anderson Services, L.L.C. (together, "Anderson") respectfully submit this reply memorandum of law in further support of their motion to amend the Protective Order.[1]

## PRELIMINARY STATEMENT

Plaintiffs have shown that the Amendment is a reasonable and practical modification to the Protective Order that would benefit all parties by allowing their corporate representatives to attend depositions, while providing an effective procedure to protect against the disclosure of the parties' allegedly highly-confidential information.  The Amendment is necessary so that Anderson's corporate representative -- who has the responsibility of overseeing this action -- may attend the defendants' depositions and assist plaintiffs in developing the information essential for the prosecution of plaintiffs' claims.  (*See* Br. at 1, 4).

Defendants' opposition, which is based on the contention that their highly-confidential information will be disclosed to Anderson's corporate representative, ignores the protections afforded by the Amendment and the non-disclosure of any highly-confidential information during the nineteen hours of defendants' depositions that Jay Maier, Anderson's corporate representative, attended before defendants denied him access to their depositions.

## ARGUMENT

### I.  Party Representatives Should be Permitted to Attend Depositions

The Amendment, as shown in the opening brief, strikes a fair and reasonable balance between plaintiffs' right to the assistance of their corporate representative and defendants' need

---

[1]  Capitalized, but undefined, terms herein have the same meaning ascribed to them in Anderson's September 23, 2013 Motion to Amend the July 17, 2013 Amended Stipulation and Confidentiality Order, [Docket No. 217] ("Plaintiffs' Brief" or "Br."). "Defendants' Opposition" or "Opp." refers to Defendants' September 30, 2013 Opposition to Plaintiffs' Motion to Amend the July 17, 2013 Amended Stipulation and Confidentiality Order, [Docket No. 221]. "Torres Decl." refers to the October 4, 2013 Declaration of Hector Torres in Further Support of Plaintiffs' Motion to Amend the July 17, 2013 Amended Stipulation and Confidentiality Order.

to protect against the disclosure of information designated highly-confidential.  (*See* Br. at 1-2, 4, 6-8).  Defendants fail to refute this showing.

Defendants argue that Mr. Maier may stay apprised of this case by reviewing non highly-confidential deposition testimony "within days after the transcript is released." (Opp. at 2-3, 6). This is incorrect.  As shown, the period Mr. Maier has been forced to wait, in several instances, has been longer than a month, not days.  (Br. at 5).  Moreover, even assuming Mr. Maier would be able to review the transcripts days later, plaintiffs still would be denied his contemporaneous assistance during depositions.  This problem is further compounded because several defendants -- including Rodale and Curtis -- have designated depositions highly-confidential in their entirety, and have refused to modify the designations.  This issue remains unresolved.  (*Id.*).

Defendants' argument that their in-house litigation counsel have not attended every deposition misses the point.  (*See* Opp. at 1, 3 n.3).  Whether such counsel attend depositions in this case is a choice they are free to make, unlike Anderson and Mr. Maier.  If defendants' in-house litigation counsel wished to attend any deposition in this case, they would be permitted to do so as long as they complied with the Protective Order.  The fact that they have not chosen to attend is not a reason to deny plaintiffs the option to make the same decision.

Defendants likewise are mistaken in their assertion that the Amendment would be unfair to third-parties.  (Opp. at 6).  To date, very few third-party documents have been used during depositions.  In any case, plaintiffs' counsel will instruct Mr. Maier to exit any portion of a deposition if counsel introduces any document designated by a third-party as highly-confidential.

II.     The Amendment Protects Highly-Confidential Testimony and Documents

The Amendment, as discussed, effectively eliminates any risk that highly-confidential information would be disclosed to the parties' corporate representatives because it allows any

2

attorney to request that a client representative be excluded from the deposition before a witness provides any testimony that might divulge such information.[2] (Br. at 4, 6-8). Defendants' arguments to the contrary are without merit.

First, defendants are incorrect in their argument that the Amendment would cause the inadvertent disclosure of highly-confidential information because it is "often impossible" to predict what a witness will testify. (Opp. at 2, 5). Counsel would not be required to predict a witness's testimony, just whether it *may* contain highly-confidential information in response to a question. Thus counsel would be required to engage in an exercise functionally equivalent to that typically undertaken by counsel in every deposition in determining whether to instruct a witness not to answer if a question *may* elicit testimony protected by an applicable privilege.

Indeed, the actions by counsel in this case demonstrate that defendants' argument is without merit. (*See* Br. at 6-7). For example, at the deposition of Richard Alleger of Rodale, counsel designated testimony highly-confidential before the witness provided a response. (Torres Decl. Ex. A at 33:4-19). And, in other cases, witnesses have refused to answer questions regarding information that they deemed to be highly-confidential (*see, e.g.*, Torres Decl. Ex. B, Dep. of R. Parker at 38:14-39:5; Torres Decl. Ex. C, Dep. of R. Castardi at 11:4-6), or paused to confer with counsel before doing so. (Bosse Decl. Ex. D at 298:10-15).

Further, defendants' argument is belied by counsels' use of the Amendment's exact mechanism at several depositions in this case. (Br. at 6). For example, during the deposition of Michael Duloc of Kable, *Anderson's counsel* asked Mr. Maier to leave the deposition at several points, before counsel introduced exhibits designated highly-confidential.

---

[2] This provision likewise protects defendants' highly-confidential information from being disclosed to co-defendant competitors.

3

Second, even in the unlikely event that any allegedly competitive information was divulged during a deposition, such disclosure is unlikely to cause any competitive injury to any party because it would be useless outside this action.  Nor is there any merit to the contention that Anderson would obtain any competitive advantage from such information.  Anderson has not been in the single-copy magazine business for more than four years. (Br. at 7).  While defendants claim that Anderson remains in the magazine wholesale business through MSolutions (Opp. at 4), they do not challenge Mr. Maier's sworn declaration that "MSolutions does not compete with any defendant for business from large retail chains." (Maier Decl. ¶ 9).  Defendants' only response to Mr. Maier's declaration, a screenshot of the MSolutions website, is insufficient to refute Mr. Maier's declaration. (Opp. at 4).

Moreover, depositions in this case have largely been limited to events that occurred over four and a half years ago.[3]  (Br. at 7).  The instances cited by defendants as evidence that plaintiffs are seeking more recent information do not alter that conclusion.  The cited portion of Mr. Alleger's testimony (Opp. at 4) likely does not contain any information that is highly-confidential.[4]  And, the cited excerpt of the Dennis Porti deposition (Opp. at 4) is but one

---

[3] Defendants' citation to *Grand Rivers Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068, 2009 WL 222160 (S.D.N.Y. Jan. 30, 2009), is misplaced.  That case supports Anderson because it stands for the basic proposition that commercial information may become stale over time, and therefore may be subject to a decreased need for confidentiality.  While the court in *Grand Rivers* concluded -- following a detailed showing by the defendants -- that the information requested had not become stale despite its age, defendants have not even attempted to make any such showing here.
    Defendants argue that Anderson's citation to *Koch v. Greenberg*, No. 07 Civ. 9600, 2012 WL 1449186 (S.D.N.Y. Apr. 13, 2012) is inapplicable because the court there required *in camera* review of documents before they were de-designated.  That is a meaningless distinction, however, because Anderson cited this case for the well-settled principle that competitive information becomes stale after a number of years.  Defendants' effort to distinguish *Swatch Watch S.A. v. Aste Trading Corp.*, 85 Civ. 7226, 1986 WL 734 (S.D.N.Y. Jan. 3, 1986), likewise misses the mark.  While the plaintiff in that case was not allowed to view any confidential documents, the court nonetheless underscored the fundamental principle that a client representative should have access to information that is the subject of his unique expertise to enable the client to assist in the prosecution of its case. (Br. at 4-5).

[4] Counsel for Rodale has represented that they will likely change the designation for much of this transcript to confidential.

instance in the twenty-one depositions taken thus far, and does not change the fact that the majority of the testimony to date is relevant only to events which occurred many years ago. Moreover, while defendants state that plaintiffs have requested documents through 2011 in their second document requests, no such documents have been produced yet.[5] In any case, even if these documents were to be produced, they would all be nearly two-years old.

Defendants erroneously contend that plaintiffs are using this motion as a mechanism to challenge the over-designation of testimony and documents (which they concede is a "legitimate" problem). (Opp. at 3). The fact remains, however, that the core issue before the Court is whether the parties' corporate representatives should be allowed to attend depositions and be present during testimony that is not, and likely will never be, highly-confidential.

## CONCLUSION

Based on the foregoing, Anderson respectfully requests that the Court enter an order modifying the Protective Order in this case consistent with the Amendment.

Dated: New York, New York
October 4, 2013

Respectfully submitted,

LYNCH ROWIN LLP

By: ___Thomas P. Lynch /WP/RZW___
Thomas P. Lynch (tlynch@lynchrowin.com)

630 Third Avenue
New York, New York 10017
Tel.:  (212) 682-4001, ext. 211

*Attorneys for Plaintiff Lloyd Whitaker, as the Assignee under an Assignment for the Benefit of Creditors for Anderson Services, L.L.C.*

KASOWITZ, BENSON, TORRES &
   FRIEDMAN LLP

By: _____
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Daniel R. Benson (dbenson@kasowitz.com)
Hector Torres (htorres@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel.:  (212) 506-1700

*Attorneys for Plaintiff Anderson News, L.L.C.*

---

[5] Although Anderson has negotiated an agreement for the production of these documents with certain defendants, and is in the process of negotiating with others, the documents have yet to be produced.