UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDERSON NEWS, L.L.C. and LLOYD
WHITAKER, as Assignee under an Assignment for
the Benefit of Creditors for Anderson Services,
L.L.C.,

                 Plaintiffs,

-against-

AMERICAN MEDIA, INC., BAUER, et al.,

                 Defendants.
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-14-14

09 Civ. 2227 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On July 17, 2013, Plaintiffs Anderson News, L.L.C. and Lloyd Whitaker (collectively, "Plaintiffs") and Defendants American Media, Inc., Bauer Publishing Company, L.P., Curtis Circulation Company, Distribution Services, Inc., Hachette Filipacchi Media U.S., Inc., Hearst Communications, Inc., Kable Distribution Services, Inc., Rodale, Inc., Time Inc., and Time/Warner Retail Sales & Marketing, Inc. (collectively, "Defendants") entered into an Amended Stipulation and Confidentiality Order (the "Protective Order"). Plaintiffs now move to amend the Protective Order in order to allow their corporate representative, Jay R. Maier ("Maier"), to attend depositions (the "Amendment"). Plaintiff's motion is DENIED.

### DISCUSSION

I. **The Amendment is Unnecessary**

Plaintiffs fail to establish any reason why the Court should amend a confidentiality order that was already negotiated and agreed to by the parties. Under the Protective Order, any deposition transcripts, videos, or exhibits that are not deemed "Highly Confidential" are available ten days after a deposition is taken. *See* Declaration of Andrew C. Bosse in Support of

1

Defendants' Opposition ("Bosse Decl."), Ex. A ¶ 5(b). As a result, the only additional information that an amended confidentiality order could provide Maier is access to "Highly Confidential" information. The Amendment, however, allows "any Party [to] request exclusion [of a client representative] if they believe in good faith that a question or questions may elicit Highly Confidential information." Declaration of Hector Torres in Support of Plaintiffs' Motion ("Torres Decl."), Ex. B ¶ 5(c).[1] Thus, the Amendment would not provide Maier any greater access to deposition materials.

Plaintiffs argue that Maier's attendance at depositions is essential due to "his extensive experience in, and knowledge of, the industry at issue here." Plaintiffs' Memorandum of Law in Support of Their Motion to Amend the July 17, 2013 Amended Stipulation and Confidentiality Order ("Pl.'s Br.") at 4. In support, Plaintiffs cite to *Swatch Watch, S.A. v. Aste Trading Corp.*, 85-cv-7726, 1986 WL 734 (S.D.N.Y. Jan. 3, 1986), where the court modified a protective order to allow disclosure of confidential documents to clients "who are much more knowledgeable concerning the trade than attorneys." *Id.* at *6-7. But no such knowledge disparity exists here: Plaintiffs' counsel is experienced and well-suited to represent Plaintiffs at the depositions. Furthermore, Maier may fully participate in deposition preparations and debriefings under the Protective Order. As a result, the Court finds the Amendment unnecessary.

**II.     The Amendment Could Cause the Disclosure of "Highly Confidential" Information**

Plaintiffs claim that the Amendment protects highly confidential information and therefore "strikes a fair and reasonable balance between plaintiffs' rights and defendants' need to protect against the disclosure of information." *See* Pl.'s Br. at 4. But, despite the Amendment's

---

[1] Although the Protective Order provides for release of deposition transcripts and videos within ten days, Plaintiffs point to several instances where it took longer than a month for a transcript to be released. *See* Pl.'s Br. at 5-6 & n.6. But, in each instance, the delay was due to designation of that deposition as "Highly Confidential." The Amendment does not remedy this problem because Maier can still be excluded from "Highly Confidential" depositions. *See* Torres Decl., Ex. B ¶ 5(c).

confidentiality protections, Maier could still be exposed to "Highly Confidential" information during the depositions. It would be difficult for an attorney—in the midst of a deposition—to determine whether questioning would lead to the introduction of "Highly Confidential" information. Although attorneys make a similar determination when instructing a client not to answer a deposition question, *see* Pl.'s Br. at 7, that information can later be excluded at trial. Once privileged information is given to a competitor, however, the damage is already done. As a result, any purported need for the Amendment does not justify the substantial risk that "Highly Confidential" information will be disclosed.

Plaintiffs also try to minimize the potential impact of disclosure by arguing that the information is "stale" and that Anderson already exited the business. *See* Pl.'s Br. at 7-8. In support, Plaintiffs cite *Koch v. Greenberg*, where the court refused to "protect several-year-old information without a specific explanation of the harm that would be caused by disclosure." No. 07-cv-9600, 2012 WL 1449186 at *4 (S.D.N.Y. Apr. 13, 2012). Yet the plaintiff in *Koch* sought to remove confidentiality designations made by the defendant. *Id.* at *3. Here, however, Plaintiff seeks an Amendment that could allow "Highly Confidential" information to be disclosed in the first instance. If Plaintiffs wish to challenge confidentiality designations, they should follow the procedure already agreed to in the Protective Order. Furthermore, Maier is an executive at Media Solutions LLC, a company that has ongoing business relationships with many Defendants. *See* Defendants' Memorandum of Law in Opposition to Motion to Amend the July 17, 2013 Amended Stipulation and Confidentiality Order at 4. Defendants therefore have reason to shield "Highly Confidential" information from one of Media Solutions's executives.

3

## CONCLUSION

Accordingly, Plaintiffs' motion to amend the July 17, 2013 Amended Stipulation and Confidentially Order is DENIED.

Dated: New York, New York
       January 14, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge