UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANDERSON NEWS, L.L.C., and LLOYD WHITAKER, :
as the Assignee under an Assignment for the Benefit of :
Creditors for Anderson Services, L.L.C.,           :        **09 CIV. 2227 (PAC)**
                                                   :
                    Plaintiffs,                    :
                                                   :
     -against-                                     :
                                                   :
AMERICAN MEDIA, INC., BAUER PUBLISHING             :
CO., LP., CURTIS CIRCULATION COMPANY,              :
DISTRIBUTION SERVICES, INC., HACHETTE              :
FILIPACCHI MEDIA, U.S., INC., HEARST               :
COMMUNICATIONS, INC., HUDSON NEWS                  :
DISTRIBUTORS LLC, KABLE DISTRIBUTION               :
SERVICES, INC., RODALE, INC., TIME INC., and       :
TIME/WARNER RETAIL SALES & MARKETING,              :
INC.,                                              :
                                                   :
                    Defendants.                    :
-------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION BY
# DEFENDANT KABLE DISTRIBUTION SERVICES, INC.
# FOR SUMMARY JUDGMENT

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attorneys for Defendant
Kable Distribution Services, Inc.

*Office and Post Office Address, Telephone*
88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

Defendant Kable Distribution Services, Inc. ("Kable") adopts and incorporates by reference herein the submissions by Defendants and arguments in Defendants' memoranda of law in support of Defendants' motions for summary judgment being made in this action.

As appears from the moving Declaration of Michael P. Duloc (¶15), the claim by Anderson News, L.L.C. ("Anderson") that Kable conspired with others to drive Anderson out of business makes no economic sense. Anderson owed Kable a substantial amount of money and Anderson's departure from the business meant that the money was never paid, nearly resulting in the termination of Kable's business. Where a claim makes no economic sense, the claimant must come forward with more persuasive evidence to support the claim than would otherwise be necessary. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It also would have made no economic sense for the publishers to agree to pay Anderson's additional charges when there were other wholesalers willing to distribute the publishers' magazines without the additional charges.

Anderson imposed additional charges on hundreds of publishers. The overwhelming majority of publishers, which are not alleged to be co-conspirators, rejected the additional charges. Hence, Anderson could not have obtained its additional charges with or without a conspiracy, and therefore cannot prove causation, which is an essential element of an antitrust claim. Argus Inc. v. Eastman Kodak Co., 801 F.2d 38, 41 (2d Cir. 1986).

Finally, although Anderson can point to communications between Kable and others in the industry, many of those communications had nothing to do with Anderson, and those that did were necessary to obtain information to determine how Kable would be able to distribute for its clients. Declaration of Michael P. Duloc, ¶19. However, after very extensive discovery,

Anderson cannot point to any evidence that there was any agreement between Kable and any other person or entity to drive Anderson out of business.

For these reasons, we respectfully submit that summary judgment should be granted dismissing the claims of Anderson in the Amended Complaint as against Kable.

Dated: December 19, 2014

>McELROY, DEUTSCH, MULVANEY &
>CARPENTER, LLP
>
>By *[signature]*
>I. Michael Bayda (IB-7511)
>Attorneys for Defendant
>Kable Distribution Services, Inc.
>Wall Street Plaza
>88 Pine Street, 24th Floor
>New York, NY 10005
>(212) 483-9490
>ibayda@mdmc-law.com